UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARELS PATUSHI,
*Plaintiff*,

v.                                                          No. 3:23-cv-1202 (JAM)

DIGITAL FEDERAL CREDIT UNION,
*Defendant*.

## ORDER GRANTING MOTION TO DISMISS

Arels Patushi has filed a *pro se* complaint against Digital Federal Credit Union ("DCU"). Patushi's state law claims for breach of contract and negligence arise from an alleged contract assignment related to his purchase of a car. Because it is clear that that there is no federal jurisdiction over Patushi's complaint, I will grant DCU's motion to dismiss the complaint.

### BACKGROUND

I take the facts as stated in Patushi's complaint and corresponding exhibits as true for the purposes of this ruling. On August 28, 2023, Patushi "assigned a note contract" to DCU.[1] The assignment was in the amount of $46,500.55 in relation to his purchase of a car for the same amount.[2] As part of the assignment, Patushi provided DCU with "[t]ender . . . in regard to [DCU's] performance."[3] But DCU "failed to perform as agreed," and "[s]uch negligent behavior from DIGITAL FEDERAL CREDIT UNION has caused [Patushi's] securities account and property to remain unsecured."[4]

---

[1] Doc. #1 at 2 (¶ 6).
[2] Docs. #1-1, #1-2, #1-3.
[3] Doc. #1 at 2 (¶ 9); Doc. #1-2.
[4] Doc. #1 at 2 (¶¶ 10, 11).

1

Patushi filed this action, alleging claims for negligence and breach of contract.[5] DCU has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[6]

## DISCUSSION

For the purposes of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), a complaint may not survive unless it alleges facts that taken as true give rise to plausible grounds to sustain a plaintiff's claims for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019); *Kim v. Kimm*, 884 F.3d 98, 102–03 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016).[7]

This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Court may also consider any documents attached as exhibits to, incorporated by reference in, or integral to the complaint. *See Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018).

If the plaintiff is a *pro se* litigant, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *Ibid.*

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). Federal courts have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal courts also have "federal

---

[5] *Id.* at 1.
[6] Doc. #14 at 1.
[7] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Here, there is no federal diversity jurisdiction. Even though Patushi alleges that he and DCU are citizens of different States, he does not allege facts to plausibly show that there is more than $75,000 in controversy. Rather, Patushi's documents establish that the amount is controversy is $46,500.55—far short of the required amount. It is telling that Patushi's opposition to DCU's motion to dismiss does nothing to respond to DCU's argument that the amount in controversy is less than $75,000.

Nor is there federal question jurisdiction. The complaint alleges solely state law claims of breach of contract and negligence. It does not allege any federal law claims. Although Patushi's opposition papers contain passing references to federal law, "[u]nder the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Even affording a liberal construction to the spare and cryptic allegations of the complaint, Patushi has not alleged facts to plausibly suggest that DCU violated any of his rights under federal law.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the defendant's motion to dismiss (Doc. #14). In light of the grant of the motion to dismiss, the Court DENIES as moot Patushi's motion to stay discovery (Doc. #25) and Patushi's motion for summary judgment (Doc. #26). The Court's dismissal of this action for lack of federal jurisdiction is without prejudice to Patushi's right to seek relief in state court or to file in this Court within 30 days an amended

complaint that alleges sufficient facts and claims to establish federal jurisdiction and plausible grounds for relief. The Clerk of Court shall close this case subject to re-opening in the event of the timely filing of a proper amended complaint.

It is so ordered.

Dated at New Haven this 26th day of June 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge